DA 11-0278

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 304N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

PAUL D. LAMERE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 06-0695
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Paul Dewayne Lamere, self-represented; Deer Lodge, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Mark W. Mattioli,
Appellate Services Bureau Chief; Helena, Montana

          Scott Twito, Yellowstone County Attorney; Rod Souza, Deputy
County Attorney; Billings, Montana

Submitted on Briefs:  October 19, 2011

Decided:  December 6, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Paul Dewayne Lamere appeals the April 26, 2011 order of the Thirteenth Judicial District Court denying his motion for credit for time served and denying his motion to amend the judgment by striking conditions of his sentence for burglary. We affirm.

¶3 Yellowstone County charged Lamere with Burglary and Attempted Sexual Intercourse Without Consent in September 2006. Lamere was released on bond and required to comply with electronic monitoring. In the meantime, Cascade County initiated proceedings to revoke Lamere's suspended sentence from a 2003 theft conviction. On July 19, 2007, the Eighth Judicial District Court revoked that sentence and sentenced him to five years, with three suspended.

¶4 Pursuant to a plea agreement, Lamere pleaded guilty to the Yellowstone County burglary charge in exchange for dismissal of the attempt charge. Lamere admitted to entering the home of an eighty-two-year-old woman with the purpose of sexually assaulting her. In the plea agreement, Lamere agreed to complete Phase I of sex offender treatment. The agreement did not require Lamere to register as a sex offender under § 46-23-512, MCA.

2

¶5 On April 15, 2009, the District Court sentenced Lamere to forty-five years in prison with ten years suspended. Adhering to the recommendation from Lamere's psychosexual evaluation, the District Court ordered Lamere be designated a Level II offender under § 46-23-509(3)(b), MCA. Lamere appealed the designation to this Court on the ground that burglary is not a sexual offense under § 46-23-502(9)(a), MCA. In our Order of March 3, 2010, we remanded to the District Court "for the limited purpose of striking the sexual offender risk designation from Lamere's sentence."

¶6 In May 2010, Lamere moved to amend the judgment to include an additional 930 days' credit for time served on "home arrest." In February 2011, following the District Court's order striking Lamere's Level II sex offender designation, Lamere moved to strike nine additional provisions of the April 2009 judgment and sentence, including sex offender treatment and other limitations on his access to sexual materials. Lamere filed another motion in March 2011, claiming credit for time served related to the Cascade County proceeding to revoke his probation on the theft conviction.

¶7 The District Court addressed Lamere's motions in its April 26, 2011 Order. The court noted Lamere's successful appeal to the Montana Supreme Court resulted in striking the sexual offender designation and held he was barred from now seeking removal of additional conditions from the judgment. Regarding Lamere's motion for additional credit for time served, the District Court concluded Lamere was entitled to receive credit only for jail time served in connection with the Yellowstone County burglary charge.

¶8 The District Court correctly observed Lamere failed to raise on direct appeal any issues regarding the conditions of his sentence. Moreover, Lamere agreed in his written plea agreement to complete sex offender treatment while incarcerated. Finally, though the sexual offender risk designation was appropriately stricken from the sentence, the circumstances of the crime and the psychosexual evaluation indicate the additional conditions are appropriate. A district court may fashion sentence conditions which have either a nexus to the offense for which the offender is being sentenced, or to the offender himself. *State v. Ashby*, 2008 MT 83, ¶ 15, 342 Mont. 187, 179 P.3d 1164. Here, there is a clear nexus between Lamere's burglary offense and the conditions imposed. Lamere's stated intention to sexually assault an elderly woman merits the court's imposition of sex offender-related conditions.

¶9 We also reject Lamere's claim for additional credit against his prison sentence. Home arrest is a component of a sentence already imposed, rather than a condition of pretrial release. Sections 46-18-1002, 46-18-203(7)(b), MCA. "'Home arrest' is a procedure for serving a suspended sentence and [the law] 'does not require that [the defendant] receive credit for the time he spent on formal house arrest as a condition of his pretrial release.'" *State v. Makarchuk*, 2009 MT 82, ¶ 37, 349 Mont. 507, 204 P.3d 1213. Although Lamere was subjected to electronic monitoring, he was not confined to his home and the monitoring occurred as a condition of his release on bond prior to sentencing. He was not entitled to credit for that time.

¶10    The District Court credited Lamere with the time he served at the Yellowstone County Detention Facility from August 24, 2006, through September 5, 2006. The court found Lamere's incarceration after that point was incurred in connection with the Eighth Judicial District Court's sentence and had to be addressed in that matter. Lamere offers no evidence from that proceeding or legal authority to support his claim for credit due to time spent in jail on the Cascade County offense and we conclude he has failed to meet his burden of proving error by the District Court.

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶12    Affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

5